

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State Superintendent
State Department of Education
Austin 11, Texas

Dear Sir:

Opinion No. O-6772

Re: Whether under the pro-
visions of H. B. 292,
49th Legislature, two
or more counties may
jointly employ a supervisor
to supervise the instruction
of rural schools

Your request for opinion has been received and carefully
considered by this department. We quote from your request as fol-
lows:

"H. B. No. 292, an Act of the Forty-ninth Legis-
lature, provides that county boards of trustees may
employ supervisors to supervise the instruction of
the rural schools within a county.

"Is it possible under the provisions of this
law for two or more small counties to share the
expense of a county supervisor when it is felt that
the expense of employing such a supervisor for one
county will be too great a burden?

". . . ."

Section 2 of H. B. 292, 49th Legislature of Texas, reads
as follows:

"Section 2. The County Superintendent of Pub-
lic Instruction may, with the approval of the County
Board of Education, employ one or more school super-
visors to assist in planning, outlining, and super-
vising the work of the Public Free Schools in the
county which is under the supervision of the County
Superintendent of Public Instruction. Said super-
visor or supervisors shall at all times work under
the supervision and direction of the County Superin-
tendent of Public Instruction, as other assistants

Honorable T. M. Trimble, page 2

are required to do, and must have evidence of pro-
ficiency in rural school supervision and must be the
holder of at least a Bachelor of Science Degree or
→ higher.  Such supervisor or supervisors may receive
a salary of not to exceed Twenty-six Hundred Dollars
($2,600) per annum, to be paid out of the same funds
and in the same manner as that of the County Superin-
tendent of Public Instruction and other assistants."

As we construe said Section 2, supra, the school super-
visor mentioned therein is not a public officer with a definite
fixed term but is merely an employee.

It is our opinion that your question should be answered
in the affirmative, and it is so answered.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By　Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF/JCP

APPROVED AUG 29, 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN